UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 4:22-CR-128-ALM |
| | § | |
| MICHAEL RAY GUILLORY | § | |
| Defendant. | § | |

## SENTENCING MEMORANDUM

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE FOR THE EASTERN DISTRICT OF TEXAS AMOS L. MAZZANT:**

     Defendant Michael Ray Guillory ("Mr. Guillory") submits this sentencing memorandum to request that the court accept the plea agreement in this case. Due to the reasons stated below and the unique characteristics of this case, Mr. Guillory further urges that a sentence of 60 months is sufficient and no greater than necessary to fulfill the purposes of sentencing in 18 U.S.C. 3553(a).

1.     **Acceptance of Responsibility**

     The factual resume and PSR spell out Mr. Guillory's offense in great detail and therefore will not be repeated here. PSR ¶¶ 5 - 14. In pleading guilty, Mr. Guillory has publicly acknowledged and accepted these facts. He did not hold the government to its burden of proof by demanding a trial. He makes no excuses for his conduct and accepts that there will be consequences. This is why Mr. Guillory agreed to a plea agreement with a minimum 60-month sentence.

2.    **History and Characteristics of the Defendant: 18 U.S.C. 3553(a)(1)**

Although by no means an excuse for criminal conduct. Mr. Guillory's age and health reduce the need for an excessive sentence of imprisonment. Mr. Guillory is a 67-year-old man who takes 11 medications for numerous health conditions. PSR ¶ 47. Mr. Guillory does not request leniency for these factors; however, the Court is permitted to consider that for a person of Mr. Guillory's age and health condition, less imprisonment time is needed to adequately serve the sentencing factors.

3.    **Need to Protect the Public: 18 U.S.C. 3553(a)(2)(C)**

The Court has the authority to impose a term of supervised release of up to 3 years. PSR ¶ 67. A sentence which includes an appropriate term of supervised release would serve the interest of protecting the public from further crimes of the defendant, and thereby reduce the need for an excessive term of imprisonment. Mr. Guillory must follow all terms of his supervised release, including proper registration as a sex offender as independently required by law, or he will face an additional term of imprisonment for violating his federal supervised release. Even with a sentence of imprisonment of no greater than 60 months, the public will be further protected by a term of supervised release of up to 3 years, as Mr. Guillory will have a very strong incentive to abide by all the terms of his supervised release.

4.    **Request for Concurrent Sentence**

As stated in the PSR, Mr. Guillory was initially arrested on March 24, 2022, by the Denton County Sheriff's Office for state charges. PSR, cover page. Mr. Guillory was not released on state bond and therefore appears in federal court on a *writ of habeas corpus ad prosequendum*. The state charge relates to failure to comply with state sex offender registration requirements. PSR ¶ 41. Although "unrelated" to his offenses of conviction in a strict sense when

one compares the elements of the instant federal offenses of conviction to the elements of the pending state charge, the instant federal offenses of conviction are the basis for Mr. Guillory's pending state charge and derive from the same investigation. There is a functional and factual relationship between the instant federal case and the pending state charge.

The Court has the authority under USSG §5G1.3(d) to run the pending state charge concurrent to the instant federal case. PSR ¶ 63. The guideline range for the instant federal offenses is 24-30 months. PSR ¶ 61. Mr. Guillory requests that the Court adopt the intent that the pending state charge, the arrest for which was triggered by his commission of the instant federal offenses, be run fully concurrent with his federal sentence, and that the Court include language in the judgment to express that intent.

Running the instant federal case concurrent does not give Mr. Guillory a "free pass" on the pending state charge. It simply means that the state court could take this into account and then separately determine whether or not a state sentence which is longer than the federal sentence is warranted, to achieve the equivalent of a partially consecutive sentence.

Therefore, Mr. Guillory requests that this Court include the following language in the judgment, so that the time spent in custody since his arrest on March 24, 2022, may be counted against both his federal and state sentences, and he may receive the full benefit of a concurrent sentence:

> Pursuant to United States Sentencing Commission, Guidelines Manual, §5G1.3(d) (Nov. 2021), it is this Court's intent for the Defendant to receive a sentence adjustment to account for any time that the Defendant spent in custody beginning on March 24, 2022, that the Bureau of Prisons will not credit under 18 U.S.C. § 3585(b).  The court wishes to adjust the defendant's federal sentence so as to be fully concurrent with his state sentence.

*Ruggiano v. Reish*, 307 F.3d 121, 133 (3rd Cir. 2003) ("We therefore urge sentencing courts in the future to state something to the effect of 'I hereby adjust the defendant's federal sentence

under § 5G1.3(c) so as to be fully concurrent with his state sentence,' in order to avoid much of the confusion that this case, and many others, have presented.") Without the above language in the judgment, the federal sentence will be calculated by the B.O.P. to run consecutive to any state sentence.

Running Mr. Guillory's federal sentence concurrent with his pending state case supports the purposes of sentencing and recognizes that the minimum imprisonment time is already far higher than the 24–30-month guideline range for his offenses of conviction alone. The possible imprisonment time Mr. Guillory faces on his pending state charge, if run consecutive, could likely result in the equivalent of a life sentence for Mr. Guillory, considering his age and health conditions.

A concurrent sentence will also avoid sentencing disparities based solely on happenstance of the order in which he was sentenced, which authority (state or federal) arrested him first, and the time it took him to get to federal court.[1]

THIS SPACE LEFT INTENTIONALLY BLANK

---

[1]Of course, if the state charges do not result in a new sentence, the time between arrest and federal sentencing will be subtracted by the BOP from the federal sentence only once, and will not be double counted. The requested language will ask for BOP to subtract only such time "that the Bureau of Prisons will not credit under 18 U.S.C. § 3585(b)."

WHEREFORE, PREMISES CONSIDERED, Mr. Guillory respectfully prays that this Honorable Court impose a sentence of 60 months imprisonment and to run the pending state sentence concurrent with the instant case.

Respectfully submitted,

/s/ Hayley Brown
HAYLEY BROWN
Law Offices of Tim Powers
215 W. Oak St
Denton, TX 76201
940-483-8000
Email: hayley@timpowers.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to United States District Judge Amos K. Mazzant, Assistant U.S. Attorney Marisa J. Miller, and U.S. Probation Officer Linda Wright-Bailey.

/s/ Hayley Brown
HAYLEY BROWN